GORDON v. HOMÉ ACCIDENT INSURANCE COMPANY

---

(November 3, 1930. Opinion and Decree.)

---

Edward S. Spiro, of New Orleans, attorney for plaintiff, appellant.

Beard & O'Keefe and Alvin R. Christovich, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. Plaintiff, who was employed as a laborer by the defendant, Natalbany & Natchez Railway Company,

was injured in the course of his employment, suffering a fracture of the left leg and injuries to the right foot. The accident which resulted in his injury occurred on April 18, 1929, and he was paid compensation at the rate of $7.20 per week from that date until August 15, 1929, when he was discharged as cured by doctors who had been treating him for account of his employers. Plaintiff denies that he had recovered from the effects of his injury on the date of his discharge and alleges that he was totally incapacitated and asks for an award on that basis for a period of 400 weeks, bringing his action against the Home Accident & Insurance Company, which had underwritten his employer's liability for accident to its employees under the compensation laws. The question, therefore, is whether plaintiff, at the time of his discharge, had recovered from the effects of his injuries.

The record as made up unquestionably justifies the finding of the district court to the effect that there was no further liability in the premises. One physician, testifying on behalf of plaintiff, expressed the view that the fracture of plaintiff's foot still incapacitated him from resumption of his work as a laborer. Two other physicians, however, testified to the contrary. It is admitted that the plaintiff was, at the time of the accident, and had been, for some time prior thereto, afflicted with syphilis and his counsel invoked the principle announced in Behan v. John B Honor Co., Ltd., et al., 143 La. 348, 78 So. 589, L. R. A. 1918F, 862, and other cases to the effect that an employee should be allowed compensation for physical disability for the aggravation, acceleration, or awakening of a latent disease by an accident occurring in the course of his employment. The principle invoked is well established and has often been ap-

plied, but in the case before us there is no showing which would warrant the conclusion that plaintiff's accident aggravated or awakened the disease to greater activity; in fact, no proof that he was in any worse physical condition after the accident than he was before so far as his syphilitic affliction was concerned. The medical testimony upon which, as we have heretofore said, much reliance must be placed in these cases, does not support plaintiff's contention.

The weakness of plaintiff's case seems to have been realized by his counsel in the district court, for, after the submission of evidence by both sides and before the argument of the case, the court was requested to appoint an expert medical examiner and, his application being refused, he urges in this court that the case should be remanded, with instructions to the lower court to appoint the expert, the belated request for which was made at the close of the hearing below. His contention in this regard is based upon section 9 of Act 20 of 1914. This section makes it the duty of the employer to cause an examination of the workman to be made immediately after knowledge or notice of the accident and to cause a copy of the report of such examination to be served upon him within six days thereafter. Should the employer fail to make the examination within that time, the employee is required to select a doctor and cause a copy of his report to be served upon his employer. Six days are allowed in which either side must notify the other of any objection he may find to the report and a failure to give notice of objection results in establishing the facts set forth in the report as prima facie evidence in any subsequent proceedings under the act. The section further provides that, "If there be any dispute thereafter as to the condi-

668

tion of the workman, the judge * * * shall order an examination of the workman to be made by a medical practitioner appointed by the court. The fees of such examiner shall be fixed by the court at not to exceed Ten Dollars, and shall be paid in advance by the applicant. Such medical examiner shall report his conclusions from such examination to the court, and such report shall be prima facie evidence of the facts therein stated in any subsequent proceedings under this act."

It will thus be seen that the section relied on first requires the employer to have the examination made and then the employee. It allows either side a short period for consideration and criticism of the report made by the other side and provides that the failure to make objection shall result in the prima facie correctness of the report, and if, thereafter (meaning, we take it, after this preliminary procedure has been resorted to), there has failed to result any agreement as to the condition of the employee, or, because of timely objection, there has failed to result any prima facie proof of the extent of his injuries, then either party may apply to the judge for the appointment of a judicial expert, whose findings and report, whether objected to or not, shall be deemed prima facie evidence. It is apparent, therefore, that what this section of the act seeks to accomplish is the prompt determination of the extent of the employee's injuries by permitting, first, one side, and then the other, to appoint an expert in the hope that a prima facie showing may be made extra-judicially, and, failing in that, declaring that the findings of the judicial appointee shall be considered as prima facie correct.

There is no showing here that either the employer or the employee made any effort to comply with the preliminary requisites.

Neither is shown to have served a copy of any report upon the other and both apparently elected to rely upon the testimony of physicians of their own selection administered at the trial. At the close of the case, when it appeared that the defendant's medical testimony preponderated, counsel for plaintiff made a verbal request. We are of opinion that the action of the court below, in refusing to make the appointment upon the ground that the section of the act relied on did not apply, was correct, and, for the reasons herein expressed, the judgment appealed from is affirmed.