S. O. LANDRY, Judge ad hoc.
The plaintiff, Charles A. Hiern, Jr., brought this suit in the First City Court for the City of New Orleans to recover the amount of $995.00 from the defendant, Charles Madona. Mr. Hiern claims that this amount is the cost he incurred in repairing his home after it was damaged by water that escaped from his air conditioner in his attic. He brought the claim against Mr. Madona because Mr. Madona was the contractor who built the home. Mr. Hiern alleges that the leak was caused by conditions beyond his control, and within the sole knowledge and control of the contractor.
The defendant, alleging that he had subcontracted the air-conditioning work to Mr. Woodrow Griffin and the plumbing work to Mr. Lawrence Bethea, called these two subcontractors in warranty. Mr. Madona also generally denied plaintiff’s allegations.
Neither Mr. Griffin nor Mr. Bethea filed an answer but they both appeared and testified as witnesses for the defendant. After trial, the Court rendered judgment in favor of the plaintiff, as prayed for, against Mr. Madona, and then in favor of Mr. Ma- *127 dona against Mr. Bethea, the plumbing subcontractor, for the same amount. It dismissed the suit against Mr. Griffin, the air-conditioning subcontractor.
Mr. Bethea brings this appeal.
It is not disputed that the contracts were as alleged in the pleadings.
Mr. Hiem moved into his newly constructed house on May 15, 1958, and about August 19 following, water dripped from the air-conditioning unit in his attic into his combination dining and living room and in a hall that damaged the ceilings, walls, floors and the carpeting, and the repair of this damage cost $995.00, the amount sued for.
He notified Mr. Madona as soon as practical and Mr. Madona immediately came to investigate the complaint. Mr. Madona had first notified the plumber and the air-conditioning contractor. He was met there by Mr. Griffin’s brother and one of his workers. They went into the attic and found that the water was flowing from the condensation drain that the plumber had installed for the air conditioner to be tied into. Evidently, the drain pipe was stopped up. He turned off the air conditioner and the leak stopped.
Apparently, the next morning Mr. Ma-dona and Mr. Griffin again went to the house and turned on the air conditioner. They could see water in the pipe, but it did not overflow. They stopped the air conditioner and the water disappeared. Mr. Madona believes that it did not rim long enough to accumulate sufficient water from condensation to overflow.
That afternoon Mr. Madona, Mr. Griffin and Mr. Bethea went to the house and poured water into the pipe from on top of the roof and there was no leak, or overflow. They turned on the air conditioner and the water did not overflow. It has not overflowed since.
Mr. Griffin believes that the overflow was caused by a stopped-up drain that Mr. Bethea had installed. It was the plumber’s duty to install the drain pipe and the air-conditioning contractor’s to connect the air conditioner to it. No one testified that this connection was not properly made. It must have been in full view and a defective connection would have been readily noticeable by the artisans who made several trips there to ascertain the cause of the leak. It would not be so with a stopped-up drain, because the stoppage would be inside of the pipe, and could be anywhere along its length.
Evidently, the lower Court concluded that the leak was caused by a stopped-up drain because it cast Mr. Bethea and dismissed -the suit against Mr. Griffin.
We can find no manifest error with this holding.
Appellant attached his affidavit to the brief his counsel filed in this court wherein he states that Mr. Madona’s counsel and Mrs. Madona advised him that it was not necessary for him to employ an attorney and that he had nothing to worry about in this suit because the cause of the leak was due to the fault of the air-conditioning contractor. For this reason he did not employ an attorney nor did he present any evidence. He states that had he presented his evidence, judgment would not have been rendered against him.
His counsel requests this Court to remand the case to the lower Court so that Mr. Bethea can have “his day in court”.
The record shows that Mr. Bethea was personally served with citation, that he was aware of the pendency of this action, and that he testified.
But however this may be, this point cannot be considered by this Court. The affidavit does not form part of the record. We are without right to consider it. See Schultz et ux. v. Kinabrew et al., La.App., 177 So. 450.
Judgment affirmed.
Affirmed.