BIGBY, Judge.
The issue on appeal is whether attorney’s fees are recoverable where a judicial sale is set aside because the price offered by the highest bidder was not sufficient to discharge the costs of the sale and the mortgages superior to that of the seizing creditor as required by Louisiana Code of Civil Procedure Article 2337. We hold they are not.
Natchitoches Collections, Inc., as judgment creditor of I. C. Evans, had the Sheriff of Winn Parish seize and sell some immovable property belonging to Evans. A sheriff’s sale was held and Natchitoches Collections bought the property for $10,000.
Evans then filed this suit to have the sheriff’s sale set aside on the ground that at the date of the sale there was a superior mortgage of record with an unpaid balance of $17,345.23.
The trial court granted judgment in favor of Evans and against the defendant decreeing the judicial sale on January 3, 1979, under the writ of fieri facias, as null and void. The court also awarded plaintiff $500 as attorney’s fees. It is from this portion of the judgment that defendant appeals.
As a general rule a prevailing party is not entitled to recover attorney’s fees in the absence of contract or specific statutory authority. Nassau Realty Company v. Brown, 332 So.2d 206 (La.1976).
Attorney fees have been awarded in some cases where there was a wrongful seizure under executory process, even in the absence of a statute or a contract. Mid-State Homes, Inc. v. Bice, 361 So.2d 275 (La.App. 1st Cir. 1978); Escat v. National Bank of Commerce in New Orleans, 284 So.2d 832 (La.App. 4th Cir. 1973).
However, there is no authority, statutory or jurisprudential, which allows recovery of attorney fees for damages for dissolution of a wrongful seizure of property under a writ of fieri facias. Nassau Realty Company, Inc. v. Brown, supra.
We also find no authority which allows an award of attorney fees where the seizure of the property under writ of fieri facias was legal but the sale was completed contrary to law.
Accordingly, we reverse and set aside that part of the judgment of the district court which awarded attorney’s fees to the plaintiff and, otherwise, affirm the judgment. The costs of the appeal are assessed to the appellee.