JASPER E, JONES, Judge.
Defendant, Charlie W. Jordan, appeals a judgment rendered against him in the amount of $200 as attorney’s fees and $20 as expenses in favor of James M. Fowler, plaintiff. The judgment also rejected a reconventional demand for attorney’s fees asserted by defendant, Charlie W. Jordan. We reverse that portion of the judgment against Charlie W. Jordan, reject plaintiff’s demands, and as amended affirm the judgment on the reconventional demand.
On March 14, 1980 Simon Herold, attorney for appellant, gave written notice to James M. Fowler for the purpose of taking Fowler’s deposition pursuant to LSA-C.C.P. art. 1438; in a cause of action styled “James M. Fowler, et al vs. Charlie W. Jordan, et al, # 24907” then pending on the docket of the Second Judicial District Court, Bienville Parish, Louisiana. The notice of the taking of the deposition provided that it would be taken at 2:00 p. m. on April 14,1980. When Fowler received the notice, he contacted his attorney, Albert E. Loomis, III, and advised Mr. Loomis that because of a previous conflicting court appearance date it would be impossible for him to appear at the deposition at the time and place set forth in the notice, and requested Mr. Loomis to contact Mr. Herold and seek to arrange a later date for the taking of the deposition. Mr. Loomis testified at the trial of these proceedings that he contacted Mr. Herold by telephone and they mutually agreed that the deposition of James M. Fowler would be taken by Mr. Herold at 9:30 a. m. on May 2, 1980 at the Bienville Parish Courthouse in Arcadia.
The evidence established that on May 2, 1980 at the appointed time and place, plaintiff, James M. Fowler, his attorney, Mr. Loomis, and a court reporter secured by Mr. Fowler, all appeared for the purpose of permitting Mr. Herold to take Mr. Fowler’s deposition, and that neither Mr. Herold nor his client, Charlie W. Jordan, appeared. Mr. Herold was then contacted by telephone and he advised he was unaware that the deposition was scheduled and he could not be available.
Plaintiff instituted this action for attorney fees and expenses contending he was entitled to them under the provisions of LSA-C.C.P. art. 1447:
“A. If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by him and his attorney in attending, including reasonable attorney’s fees. * * * 11
Plaintiff contends that the written notice to take-his deposition given him on March 14 by Jordan’s attorney, which set the date of the deposition as April 14 and its time at 2:00 p. m., was orally amended by the telephone conversation between Mr. Loomis and Mr. Herold to set the date of May 2, at 9:30 a. m. Plaintiff contends that the written notice as amended constitutes the notice required by LSA-C.C.P. art. 1447(A), and that when neither Jordan nor his attorney appeared to take the deposition, that plaintiff became entitled to his attorney’s fees and expenses incurred for the appearance at the aborted deposition.
A review of the written reasons of the trial court establishes that it found as a fact that Mr. Loomis and Mr. Herold agreed on the telephone for Mr. Herold to take Mr. Fowler’s deposition on May 2, 1980. The trial court concluded that the written notice of the taking of the deposition on April 14 was modified by the oral agreement consummated upon the telephone and that plaintiff was entitled to the attorney’s fee and expense award under LSA-C.C.P. art. 1447.
*26 Appellant filed a reconventional demand seeking a judgment against Fowler for his attorney's fees incurred defending Fowler’s suit on the theory that Fowler’s claim against him for attorney’s fees and expenses was unauthorized by LSA-C.C.P. art. 1447 because there had been no written notice given to take the deposition on May 2. The trial court rejected appellant’s re-conventional demand.
The issue is does an oral agreement to amend the written notice for the deposition meet the requirements of LSA-C.C.P. art. 1447 so as to entitle Fowler to attorney’s fees and expenses when the appellant who has initiated the notice for the deposition failed to appear and take the deposition on the date agreed upon orally?
The secondary issue is whether the appellant is entitled to attorney’s fees if Fowler’s claim is found to be without merit.
LSA-C.C.P. art. 1438 sets forth the requirements of notice with which a party must comply when desiring to take a deposition:
“A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify him or the particular class or group to which be belongs.... ”
In the decision of Highstreet v. Regency Apartment Hotel, 337 So.2d 536 (La.App. 4th Cir. 1976), defendant had attempted to place into evidence a deposition which was taken after plaintiff was given only oral notice of the time and place of the deposition. The court there discussed the written notice requirement of LSA-C.C.P. art. 1451, which was the source of LSA-C.C.P. art. 1438. The rationale of the court was as follows:
“The deposition of Habighorst is, also, of substantially diminished evidentiary value. Reasonable written notice of the deposition was lacking and cannot be substituted by oral communication with plaintiff’s attorney’s office. The requirements of LSA-C.C.P. articles 1428 and 1451 were not met. See Silva v. Allen, 256 So.2d 447 (La.App. 4th Cir. 1972). Since the source of the discovery articles are, generally, the similar provisions in the Federal Rules of Civil Procedure, we look to them: In Associated Transport, Inc. v. Riss and Company, 8 F.R.D. 99 (N.D. Ohio, 1948), the court in suppressing use of a deposition, stated:
‘The purpose of Rule 30(a) is plainly to give a party full notice of the time and place that a deposition is to be taken. If the other party is required to postpone the taking of the deposition . .. for any ... reason, then the notice originally given becomes meaningless and a new notice is needed. There is nothing in the Rules to indicate that one written notice satisfies the requirement even though the deposition is not taken until a later date.. . One of the very purposes of the rule with respect to written notices is to make it unnecessary to go to such lengths, as here, to determine whether or not one of the parties knew a deposition was to be taken.’ ” Id. at 539 (emphasis added).
While the Highstreet case is concerned with the requirement of notice in connection with the use of the deposition of a party not available for trial under the provisions of LSA-C.C.P. art. 1428, now LSA-C.C.P. art. 1450[1], there is no distinction *27 between the type of notice required for a deposition to be admissible in evidence and the type of notice required as a prerequisite to a cause of action under LSA-C.C.P. art. 1447. The type of notice in both instances is that set forth by the provisions of LSA-C.C.P. art. 1458.
If a party prepares a written notice setting forth the time and place for the deposition which he thereafter serves upon his opponent, he and his opponent are clearly aware of when to be present by virtue of the writing prepared by one and received by the other of the date and place when the deposition is to be taken. A failure of the party giving the notice to appear for the deposition entitles the party receiving the notice to a claim for attorney’s fees and expenses under LSA-C.C.P. art. 1447. The failure of the party receiving the notice to appear for the deposition may entitle the party giving the notice to a similar claim for attorney’s fees and expenses under the provisions of LSA-C.C.P. art. 1473[2]. It is only by virtue of having the time, date, and place set forth in the notice in writing that the party giving the notice and the party receiving the notice can be considered bound to understand the time and place of the deposition to the extent that their failure to so understand and comply with the written notice prepared by one and given to the other should be a basis for a cause of action for attorney’s fees and expenses.
We conclude the possibility of a misunderstanding in a verbal communication precludes a verbal amendment to a written notice to take a deposition from forming a basis for a cause of action under LSA-C. C.P. art. 1447. We therefore find that the telephone conversation between Mr. Loomis and Mr. Herold cannot be construed as amending the written notice given by Mr. Herold of the taking of the deposition of Mr. Fowler and changing the date thereof from April 14 to May 2. Because Mr. He-rold had given no written notice to Mr. Fowler to take his deposition on May 2, Mr. Fowler has no cause of action for his attorney’s fees and expenses incurred for the purpose of attending the deposition at which Mr. Herold failed to appear.
Appellant’s reconventional demand for attorney’s fees is without merit. In order for appellant to have a claim under Louisiana law for attorney’s fees such claim must be either authorized by statute or contract. See Vines v. Vines, 379 So.2d 1219 (La.App.2d Cir. 1980), and Evans v. Natchitoches Collections, Inc., 378 So.2d 1037 (La.App.2d Cir. 1979). Appellant has asserted *28 no basis in contract or by statute for his claim against appellee for attorney’s fees in defending the present suit.
We REVERSE the judgment condemning Charlie W. Jordan to pay James M. Fowler’s attorney’s fees and expenses, and reject Fowler’s demand for them. As AMENDED we affirm the judgment. We cast all costs incurred in the trial court and on appeal equally between appellee and appellant.

. LSA-C.C.P. art. 1450 — “At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witnesses were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
(1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness.
(2) The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a per *27 son designated under Article 1442 or 1448 to testify on behalf of a public or private corporation, partnership, or association, or governmental agency which is a party may be used by an adverse party for any purpose.
(3) The deposition of a witness, whether or not a party, may be used by any party for the purpose if the court finds: (a) that the witness is dead; or (b) that the witness is at a greater distance than one hundred miles from the place of trial or hearing, or is out of this state, unless it appears that the absence of the witness was procured by the party offering the deposition; or (c) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or (d) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (e) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

. LSA-C.C.P. art. 1473 — “If a party or an officer, director, or managing agent of a party or a person designated under Articles 1442 or 1448 to testify on behalf of a party fails to appear before the officer who is to take his deposition, after being served with a proper notice, or to serve answers or objections to interrogatories submitted under Article 1457, after proper service of the interrogatories, or to serve a written response to a request for inspection submitted under Article 1461, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under Paragraphs (1), (2), and (3) of Article 1471. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
* * * ” (emphasis added).