407 So.2d 37 (1981)
John G. THIBODEAUX, Plaintiff-Appellee,
v.
DRESSER INDUSTRIES, INC., Defendant-Appellant.
No. 8457.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1981.
Rehearing Denied January 4, 1982.
Writ Denied February 19, 1982.
*38 Guillory, McGee & Mayeux, A. Frank McGee, Eunice, for defendant-appellant.
Pucheu & Pucheu, Jacque B. Pucheu, Jr., Eunice, for plaintiff-appellee.
Before DOMENGEAUX, SWIFT and YELVERTON,[*] JJ.
DOMENGEAUX, Judge.
This suit is by an employee, John G. Thibodeaux for workmen's compensation benefits resulting from injuries he sustained while working in the assembly plant of defendant, Dresser Industries, Inc. The district court adjudged plaintiff to be totally and permanently disabled. The defendant has appealed.
Defendant on appeal suggests that the trial court erred: (1) By not ordering, upon request of defendant, an independent examination of plaintiff by a physician appointed by the court, as required by LSA-R.S. 23:1123; (2) In finding plaintiff totally and permanently disabled.
Plaintiff answers the appeal and prays for affirmation of the trial court's finding as to disability, and reversal of the trial court's denial of penalties and attorney's fees as provided for in LSA-R.S. 23:1201.2.
Plaintiff was injured on August 1, 1978, while employed as an assemblyman at defendant's plant. He sustained injuries to his back and shoulder, and was unable to return to work. Defendant paid weekly compensation benefits in the amount of $111.20 through March 18, 1980, on which date benefits were discontinued.
Plaintiff instituted this action against his employer to recover compensation, penalties, and attorney fees on April 29, 1980. On August 7, 1980, defendant filed a Rule to Show Cause Why a Physician Should not be Appointed to Examine Plaintiff-Employee, in accordance with the provisions of LSA-R.S. 23:1123. On August 13, 1980, a Stipulation Between the Parties was filed in which the plaintiff and defendant both agreed that, among other things, the rule filed therein by the defendant would be referred to the merits. After a trial on the merits, the trial court found in favor of the plaintiff without a hearing on the rule. The defendant now suggests that the provisions of LSA-R.S. 23:1123 are mandatory in nature and accordingly the trial court erred in failing to require an independent medical *39 examination prior to making a decision in this matter.
In the case of D'Aville v. Travelers Insurance Company, 295 So.2d 454 (La.App.3rd Cir. 1974) we stated:
"In order to facilitate an understanding of the issue, the statute itself should be examined. The statutory scheme of workmen's compensation is set out in LSA-R.S. 23:1021 et seq. The provisions relied on by defendant are contained in Sub-Part F, Medical Examinations. We set out the text of the statute which are applicable.
Section 1121:
`An injured employee shall submit himself to an examination by a duly qualified medical practitioner provided and paid for by the employer, as soon after the accident as demanded, and from time to time thereafter as often as may be reasonably necessary and at reasonable hours and places, during the pendency of his claim for compensation or during the receipt of him of payments under this Chapter.'
Section 1122:
`The employer shall cause the examination provided for in the preceding section to be made immediately after knowledge or notice of the accident, and to serve a copy of the report of such examination made by the employer's physician upon the employee within six days after the examination. If the examination is not made and the report is not furnished by the employer within that time, the employee shall furnish a report of the examination made by his own physician to the employer, for which the employee shall be entitled to receive from the employer the sum of one dollar. Upon the receipt by either party of such a report from the other party, the party receiving it, if he disputes the report or any statement therein, shall notify the other of that fact within six days, otherwise the report shall be prima facie evidence of the facts therein stated in subsequent proceedings under this Chapter.'
Section 1123:
`If there be any dispute thereafter as to the condition of the employee, the court, upon application of either party, shall order an examination of the employee to be made by a medical practitioner appointed by the court. The fees of such examiner shall be fixed by the court at not more than ten dollars, and shall be paid in advance by the applicant. The medical examiner shall report his conclusions from the examination to the court, and such report shall be prima facie evidence of the facts therein stated in any subsequent proceedings under this Chapter.'
The statutes reveal that they are designed to be read together in order to assess the role of the medical examination in a compensation hearing. In view of the fundamental purpose of the Workmen's Compensation statute that the workmen be paid for disability, the statute requires that a medical examination be made."
Sections 1121 through 1123 have been summarized by one court in the early decision of Gordon v. Home Accident Insurance Company, 14 La.App. 666, 130 So. 664 (Orl. Cir. 1930), as follows:
"* * * The section relied on first requires the employer to have the examination made and then the employee. It allows either side a short period for consideration and criticism of the report made by the other side and provides that the failure to make objection shall result in the prima facie correctness of the report, and if thereafter (meaning, we take it, after this preliminary procedure has been resorted to), there has failed to result any agreement as to the condition of the employee, or, because of timely objection, there has failed to result any prima facie proof of the extent of his injuries, then either party may apply to the judge for appointment of a judicial expert, whose findings and report, whether objected to or not shall be deemed prima facie evidence. It is apparent therefore, *40 that what this section of the act seeks to accomplish is the prompt determination of the extent of the employee's injuries by permitting, first one side and then the other, to appoint an expert in the hope that a prima facie showing may be made extrajudicially, and, failing in that, declaring that the findings of the judicial appointee shall be considered as prima facie correct."
We interpret LSA-R.S. 23:1123 in light of its preceding two articles as did the court in Gordon supra. The articles provide a scheme for a trial court to obtain an unbiased and impartial opinion from a third physician, where the expert opinions presented by the plaintiff and defendant are in dispute. In the case before us, however, the only medical opinions in dispute are those of the experts chosen by the defendant.
Defendant has called all the shots in picking the examining physicians. On the day of the injury defendant sent Mr. Thibodeaux to see Doctor Lafleur, a general surgeon. Doctor Lafleur later recommended that plaintiff see Doctor Laborde, a doctor of general medicine, concerning his injuries. The doctors continued to see plaintiff and recommended against his return to work. Approximately two years later defendant sent plaintiff to Doctor McDaniel, an orthopedic surgeon, for another opinion of plaintiff's injury. Doctor McDaniel could not find any objective reasons for plaintiff's pain and recommended plaintiff's return to work. Defendant then sent plaintiff back to Doctor Lafleur. Doctor Lafleur's diagnosis and prognosis remained unchanged from those previously mentioned. Defendant now claims LSA-R.S. 23:1123 demands the court, upon a parties' request, to appoint another physician to examine the injured employee, and receive that physician's finding as prima facie evidence representing the employee's physical condition insofar as his ability to return to work. We do not agree.
For this Court to hold that the mandatory language of LSA-R.S. 23:1123 requires a judicial appointee under the present facts would be to disregard the statutory scheme of the Compensation Act. We feel the purpose of Section 1123 is to provide a method of settling disputes between the employer and employee where their experts appear to be in complete disagreement as to the condition of the employee. The purpose of the statute is to provide an expedient method to determine whether or not compensation benefits are owed the employee. This affords the injured employee the opportunity to begin receiving compensation payments before a trial on the merits, if the appointed physician finds the employee disabled. The statutory scheme is not designed to allow a litigant the opportunity to go fishing for an opinion favorable to that litigant's interest, when that litigant's physician's opinions seem to be contrary to one another.
The plaintiff and defendant by a joint stipulation referred the hearing on the defendant's rule to the trial on the merits. After all the evidence was presented, the trial judge was obviously convinced that an additional physician's report would add nothing to clear up, in his mind, any discrepancies in the evidence before him. In fact, the trial judge makes this clear in the court minutes of January 12, 1981, when he states:
"... Having considered the matter, the court is of the opinion that the medical opinions are not irreconcilably split. On the contrary perponderate in favor of the plaintiff [sic]. Too, Court recalls personally observing on trial, the swollen area of the left scapula about which the plaintiff complained."
For the reasons aforementioned, we find no error in the trial court's ruling.
Defendant's second contention is that the trial court erred in finding plaintiff totally and permanently disabled.
Doctors Lafleur, Laborde, Webre, and McDaniel testified by deposition concerning their opinions on the plaintiff's ability to return to work. There was no conflict in the medical testimony insofar as the attending physicians were concerned. Doctor Lafleur and Doctor Laborde both stated in their most recent reports dated April 9, *41 1980, and March 30, 1980, respectively, that plaintiff was physically unable to return to his employment because of the injuries sustained to his shoulder on August 1, 1978. Both doctors' reports continually referred to the winging of the left scapula as being the primary cause of plaintiff's disability.
The defendant presented two experts, Doctor Webre and Doctor McDaniel, both orthopaedic surgeons. Neither Doctor Webre or Doctor McDaniel treated plaintiff, but examined him for evaluation purposes only. Doctor Webre never examined plaintiff's shoulder but did conduct an examination of plaintiff in September of 1978, limiting his examination to plaintiff's back. Doctor McDaniel first examined plaintiff on February 27, 1980, and also limited his examination to plaintiff's back. On July 28, 1980, he examined the plaintiff's shoulder but observed no "winging" and felt plaintiff could return to work. Doctor McDaniel did, however, acknowledge the fact that some of the symptomologies of back injuries produce occasional manifestations which are discoverable on one examination and not another. As mentioned earlier, this "winging" of the left scapula was observed by the trial judge during the course of the trial.
It is significant that Doctors Lafleur and Laborde, who treated plaintiff initially and have continued as his attending physicians since the accident, found the plaintiff still unable to return to work. We find no error on the part of the trial judge in accepting and accrediting greater weight to the testimony of the treating physicians rather than that of specialists who were employed merely to evaluate the claimant. Williams v. Liberty Mutual Insurance Company, 327 So.2d 462 (La.App. 3rd Cir. 1976); St. Pe v. Howard P. Foley Electric Company, 341 So.2d 639 (La.App. 4th Cir. 1977).
After closely reviewing the medical evidence and according it the proper weight, we do not feel that the trial judge was manifestly erroneous in finding plaintiff totally and permanently disabled. Furthermore, defendants are possessed with an adequate remedy to review the compensation award under LSA-R.S. 23:1331 which provides that any change in the status of the employee's condition may be reviewed at any time six months after the rendition of the original compensation judgment.
The final matter in this case deals with the award of penalties and attorney's fees.
An employer's conduct in discontinuing workmen's compensation payments must be judged primarily upon the facts existing and known to him at the time payments were stopped. These facts must justify discontinuance. Lee v. Smith, 248 La. 16, 176 So.2d 413 (1965); De Jean v. B. F. Trappey's Sons, Inc., 285 So.2d 297 (La. App. 3rd Cir. 1973).
Throughout the entire course of this litigation the plaintiff has claimed disability based upon his left shoulder injury. The report of the two treating physicians, Doctors Lafleur and Laborde, date back to their initial examinations of the plaintiff soon after his injury, and continue up to the time benefits were terminated. Both physicians clearly agree that plaintiff's left shoulder injury is the primary cause for plaintiff's continued disability.
Defendant contends that compensation payments were not "arbitrarily and capriciously" discontinued due to the fact that termination rested upon the findings contained in the medical report submitted by Doctor McDaniel on February 27, 1980. Defendant did not produce this report at trial so we have no way of knowing its contents. The deposition of Doctor McDaniel, however, was submitted at trial. Doctor McDaniel states that on the visit in question, he limited his examination to plaintiff's back and he did not examine plaintiff's shoulder. Defendant knew that Doctor McDaniel's examination was limited to an examination of plaintiff's back, as represented by defendant's letter to plaintiff dated March 28, 1981. Likewise, defendant knew or should have known that plaintiff was claiming disability as a result of an injury to the shoulder and his back.
*42 We find that the facts known to the defendant at the time compensation benefits were terminated do not justify discontinuance. It was incumbent upon defendant to have in its possession some authoritative findings showing that the injured employee had healed from those injuries from which he claims disability. A report from a physician representing an examination of the employee's back, when from the onset the primary claim for disability has been the employee's shoulder, does not justify discontinuance of compensation benefits. It is incumbent upon the insurer to make a reasonable effort to ascertain plaintiff's exact condition at the time which compensation benefits are terminated. See Chavis v. Maryland Casualty Company, 307 So.2d 663 (La.App. 3rd Cir. 1975), and the cases cited therein.
Accordingly, we find that termination of compensation payments based upon the limited examination of Doctor McDaniel was arbitrary and capricious and defendant is therefore liable for penalties and attorney's fees. LSA-R.S. 23:1201.2.
When attorney's fees are awarded as a result of arbitrary nonpayment of benefits such an award is deemed to be a penalty and the value of the attorney's fee need not be proven. Fontenot v. Town of Kinder, 377 So.2d 554 (La.App. 3rd Cir. 1979). We have reviewed the record in the case as well as our recent jurisprudence concerning the award of attorney fees, and conclude that an award of $5,000.00 for all of the attorney's services, including the trial and appeal involved in this matter, is appropriate. See Morgan v. Equitable General Insurance Company, 383 So.2d 1067 (La.App. 3rd Cir. 1980), and the cases cited therein.
The further award of 12% interest applies from the date on which benefits were terminated (March 12, 1980), until date that such back payments are finally made current.
For the above and foregoing reasons the judgment of the trial court is affirmed insofar as it declares plaintiff to be totally and permanently disabled within the terms of the Workmen's Compensation Act. The judgment of the trial court is reversed insofar as it denies plaintiff recovery of statutory penalties and attorney's fees against defendant, and it is hereby Ordered that there be judgment in favor of plaintiff and against defendant in the amount of $5,000.00, with legal interest from date of judicial demand until paid, plus 12% penalties on weekly benefits which are overdue until paid.
Costs of this appeal are taxed against the defendant.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[*] Judge Henry L. Yelverton, Fourteenth Judicial District Court, Parish of Calcasieu, presided as Judge ad Hoc in this decision.