NORRIS, Judge.
This is a workers compensation case. The plaintiff, David Welborn, injured his back while working in the course and scope of his employment for the defendant, Ashy Enterprises, Inc., on November 21, 1983. The employer paid benefits until August 20, 1984, when it received a doctor’s report that allegedly cleared plaintiff to return to work. Plaintiff submitted the case to the Office of Workers Compensation but the Director’s recommendation was rejected. Plaintiff then filed this suit, claiming benefits for total, permanent disability, as well as interest, attorney fees and penalties. The trial court found that plaintiff was temporarily, totally disabled and rendered judgment accordingly, denying the claims for penalties and fees. The employer has appealed, raising two specifications of error:
(1) The trial court erred in failing to appoint an independent medical practitioner to examine plaintiff, under LSA-R.S. 23:1123; and
(2) The trial court erred in holding the evidence proved plaintiff’s disability by a preponderance of the evidence.
For the reasons expressed, we affirm.
EVIDENCE OF INJURY
The parties stipulated that plaintiff had suffered accidental injury during the course and scope of his employment. Plaintiff, a twenty-seven year old man with no significant history of back problems, hurt his back while dragging a flow line in a ditch. In an attempt to diagnose and treat the injury, the plaintiff saw a number of physicians who testified at trial.
Plaintiff first saw his family doctor, Dr. Evans, the day after the accident. Plaintiff was complaining of acute lower back pain at the L-4, L-5/S-1 level. Dr. Evans thought at the time that he had lumbar strain without neurological damage; he prescribed some narcotics and muscle relaxants. Several days later, on November 28, plaintiff returned, still complaining of pain, sensory loss and spasms. Dr. Evans suspected a disc problem and told plaintiff to avoid all hard labor; he advised him not to return to his usual work. Dr. Evans had known plaintiff for over twenty years and admitted that he had once had a minor back problem, but that it had been a simple strain and had quickly disappeared. He also noted that plaintiff had once been involved in a serious auto accident, but that he had totally recovered from it, and that it had not really affected his back. Dr. Evans concluded that plaintiff’s injury was not going to resolve itself and that back problems were going to be a part of plaintiff’s life from here on out.
Plaintiff then saw Dr. Etheredge, an orthopedic surgeon, on December 2, 1983. Dr. Etheredge performed a physical exam and diagnosed a bulged disc at L-5/S-1; he later concluded this was causing nerve irritation and pain. He prescribed one week of conservative care and then sent plaintiff to the hospital for a CT scan and a lumbar myelogram. The CT scan showed a bulging disc; the myelogram was negative. Dr. Etheredge thought surgery was not presently necessary, but said that plaintiff’s back was too weak to sustain his usual, heavy employment. Plaintiff was not totally incapacitated, he testified; he can do some things, but he can no longer do heavy manual labor or drive a bulldozer. *628 Dr. Etheredge reported that as late as May 4, 1984, plaintiff was still suffering decreased sensation at S-l.
Plaintiff next saw Dr. Schwendimann, a neurologist in Shreveport, at Dr. Ether-edge’s request. Dr. Schwendimann performed an EMG on January 12, 1984. The results were normal. The doctor said the EMG would have revealed a bulging disc, but not nerve root irritation; thus the EMG is not a “perfect” test. Dr. Schwendimann did not really examine the plaintiff; he only administered a test.
Plaintiff next saw Dr. Belchic, an orthopedic surgeon from Ruston. At trial, the plaintiff tried to establish that Dr. Belchic got in the case at the request of the Office of Workers Compensation; the doctor, however, seemed to think it was at the employer’s request. Dr. Belchic performed a physical examination and viewed the negative EMG. He found two disc narrow-ings, but felt they were insignificant. His physical test showed no problems; he could find no impairment of function. He admitted that Dr. Etheredge’s CT scan showed a bulging disc, but thought this was not causing any pain. He also admitted that plaintiff’s symptoms were indicative of a bulged disc. He could not determine what was causing the pain. R.p. 140. Dr. Belchic, like Dr. Schwendimann, was not a treating physician; he merely examined plaintiff and administered a test.
Finally, plaintiff saw Dr. Smith, of the Bio-Medical Department at Louisiana Tech. He performed an EMG and a thermogra-phy in August, 1984. Both were normal. As with Drs. Schwendimann and Belchic, Dr. Smith did not treat plaintiff; he just administered two tests.
In addition to the medical testimony, plaintiff himself testified that he was still suffering from pain and sometimes needed a cane for aid in walking. He cannot pull, stoop or lift; driving is also painful. The injury has not only curtailed his active life, but has caused him considerable emotional distress, as it has kept him out of work and unable to support his wife and three children. Plaintiff’s wife corroborated his complaints. She stated that she knew he could not return to work.
Based on this evidence the trial judge concluded that plaintiff was temporarily totally disabled from performing continuous, hard manual labor, the only type of work for which plaintiff was trained and equipped, or had ever performed.
SPECIFICATION NO. 2
The employer claims that plaintiff failed to prove his case by a preponderance of the evidence. This is the appropriate standard of proof in a compensation case. Guillory v. New Amsterdam Cas. Co., 244 La. 225, 152 So.2d 1 (1963). The trial court has the responsibility of determining whether the plaintiff is disabled. Johnson v. Ins. Co. of N. America, 454 So.2d 1113 (La.1984). We will not reverse the trial court’s factual findings unless they are clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The employer chiefly claims that the trial court should not have allowed the testimony of Drs. Etheredge and Evans to outweigh the test results of the specialists. The trial court is always entitled to accept and give greater weight to the testimony of treating physicians than to that of specialists who were employed merely to evaluate the claimant. Williams v. Liberty Mut. Ins. Co., 327 So.2d 462 (La.App. 3d Cir. 1976); St. Pe v. Howard P. Foley Electric Co., 341 So.2d 639 (La.App. 4th Cir.1977). This is particularly true where one of the treating physicians has known and treated the plaintiff for over twenty years and one of the experts agrees with the diagnosis. R.p. 155. Furthermore, the plaintiff and his wife gave adequate descriptions of his disability and pain. The trial court was entitled to believe them. Johnson v. Ins. Co. of N. America, supra; Crump v. Hartford Acc. & Indem. Co., 367 So.2d 300 (La.1979).
This specification lacks merit.
SPECIFICATION NO. 1
Here the employer claims the trial court erred in failing to grant its motion to ap *629 point an independent medical practitioner pursuant to LSA-R.S. 23:1123. The employer filed its motion on November 29, 1984, after plaintiff had been examined by all five of the physicians mentioned earlier. The motion alleged that the “employee disputes the findings of Dr. Belchic and continues to urge his entitlement to workmen’s compensation benfits ... as a result thereof, there is a dispute as to the condition of the employee.” LSA-R.S. 23:1123 provides:
If any dispute arises as to the condition of the employee, the director, upon application of any party, shall order an examination of the employee to be made by a medical practitioner selected and appointed by the director or, upon the director’s refusal, by the court. The fee of the examiner shall be fixed by the director in accordance with prevailing medical fees in the community for such examination and shall be paid in advance by the applicant. The medical examiner shall report his conclusions from the examination to the director and to the parties and such report shall be prima facie evidence of the facts therein stated in any subsequent proceedings under this Chapter.
(emphasis added)
The employer argues that this section refers to the director of the Office of Workers Compensation when a claim is pending before his office, and to the court when the claim is in court. We do not agree. LSA-R.S. 23:1123 (prior to its 1983 amendment) must be interpreted in the light of its preceding sections, §§ 1121 and 1122. The scheme contemplated there was to provide an expedient method of determining whether comp benefits were due. This afforded the injured employee the opportunity to begin receiving his benefits before the matter came to trial, if the appointed physician found him disabled. Thibodeaux v. Dresser Ind., 407 So.2d 37 (La. App. 3d Cir.1982), writ denied 412 So.2d 85 (La.1982).
The 1983 amendments, which placed the initial determination within the jurisdiction of the Director’s Office, were clearly intended to retain the expedient procedure intact. The parties may request an appointment before the Director issues a recommendation; if the Director refuses to do so, the parties can petition the court for appointment.
In the instant case, the appellee properly submitted his claim to the office of workers compensation in compliance with LSA-R.S. 23:1310, 1310.1. The Director’s recommendation for resolution was rejected. Appellant does not claim that it ever asked the Director for an appointment, or that his request was refused. Thus appellant has not complied with the necessary condition imposed by the statute and it is not entitled to petition the court for appointment now.
Even assuming that appellant had properly lodged his request with the Director, the record does not show that the Director refused. The testimony of appellant’s safety director and insurance administrator, Glenn Cocoa, strongly suggests that appellant requested an independent examiner and that the Director appointed Dr. Belchic for this purpose. Dr. Belchic, of course, rendered an opinion favorable to the appellant’s position. Under these circumstances, we conclude that even if appellant submitted a proper request to the Director, the request was not refused.
We note two other circumstances surrounding the instant request. First, appellant has already exercised its right to have appellee examined by medical experts. Mr. Welborn has been treated, examined or tested by at least five physicians, three of whom testified favorably for appellant; appellant cannot “go fishing” for more favorable opinions. Thibodeaux, 407 So.2d at 40. Second, appellant filed its motion to appoint an examiner on November 29,1984, only two weeks before trial and after having already received one continuance for the purpose of taking medical depositions. Appellant did not insist on a ruling on the question prior to trial; rather, it referred the matter to the merits. This sufficiently belies any reliance on the time saving aspect of the statute.
*630 Under these circumstances, LSA-R.S. 23:1123 as amended does not mandate judicial appointment of a medical examiner. For us to hold otherwise would require us to disregard the letter of the law and the overall statutory scheme. This specification lacks merit.
CONCLUSION
For the reasons expressed, the trial court’s judgment is affirmed. Costs are assessed against the employer, Ashy Enterprises Inc.
AFFIRMED.