504 So.2d 120 (1987)
David R. WELBORN, Plaintiff-Appellant,
v.
ASHY ENTERPRISES, INC., Defendant-Appellee.
No. 18457-CA.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1987.
*121 Murphy J. White & Associates by Murphy J. White, Mansfield, for plaintiff-appellant.
Guillory, McGee & Fontenot by A. Gerard Caswell, Eunice, for defendant-appellee.
Before MARVIN, SEXTON and LINDSAY, JJ.
MARVIN, Judge.
In this appeal from a judgment on rule awarding the defendant employer, Ashy, expenses and attorney fees for failure of the worker's compensation plaintiff, Welborn, to submit to a post-trial deposition, we reverse and render judgment dismissing the rule. We also deny Welborn's request for attorney fees for filing a motion for protective order and appealing the judgment against him and the trial court's implicit denial of the relief sought by him.

FACTS
On February 7, 1985, judgment on the merits of this worker's compensation case awarded plaintiff benefits for a temporary total disability. This judgment was affirmed. Welborn v. Ashy Enterprises, Inc., 478 So.2d 626 (La.App. 2d Cir.1985), writ denied.
On March 31, 1986, Ashy moved for leave to take Welborn's deposition, alleging it had issued a subpoena notifying Welborn that his deposition would be taken on April 2, 1986, at the office of his attorney in Mansfield. The purpose of the deposition was to "ascertain whether the plaintiff has experienced any change in his condition ... in contemplation of further court proceedings."
Ashy's motion further alleged that upon receipt of the subpoena (which is not in the record), Welborn filed a motion for protective order asserting the deposition was merely to harass and annoy him and asking for $800 attorney fees for his seeking the protective order. Ashy's motion asked that the relief sought by Welborn be denied.
Welborn's motion was not filed in the record until May 16, 1986. In addition to alleging harassment and annoyance, Welborn asserted that leave of court for the taking of post-trial depositions is required by CCP Art. 1433.
Notice of the filing of Ashy's motion requesting leave to take the deposition on April 2, 1986, was served on that date on Murphy J. White, Welborn's attorney of record. However, no order granting leave to take the deposition accompanied the original motion and none was ever signed for that setting. Ultimately Ashy filed another motion and obtained a signed order setting the deposition for May 19, 1986. Welborn did not oppose that setting and that setting is not at issue here.
On April 8, 1986, Ashy filed a rule for expenses and attorney fees, alleging that the district court judge had granted permission for the deposition to be taken on April 2 and that Ashy's attorney, A. Gerard Caswell, had traveled from his office in Eunice to Attorney White's office in Mansfield on *122 that date but neither Welborn nor White was present.
At the hearing on the rule on May 19, 1986, Welborn opposed an award of expenses and attorney fees to Ashy on the grounds that leave of court was not granted for the April 2 deposition setting. Caswell testified that he did not submit an order to be signed "due to the expediency of the matter with the deposition rapidly approaching" but that the court gave verbal permission and notice of the court's permission or "order" was transmitted to Attorney White's office. White denied receipt of any such message.
The court awarded Ashy $500 as travel expenses and attorney fees for the April 2 setting. The judgment does not mention Welborn's request for attorney fees based on his motion for protective order, which was also argued when Ashy's rule was heard. The absence of a ruling on Welborn's claim is construed as a rejection of it. Hendrix v. Hendrix, 457 So.2d 815 (La.App. 1st Cir.1984).
Welborn seeks to reverse the $500 award and gain relief on his motion for protective order, including attorney fees and costs, and gain an additional attorney fee of $700 plus costs on appeal.
We cannot consider Ashy's request in its brief for additional attorney fees on appeal because Ashy did not answer the appeal. CCP Art. 2133; Jones v. Winston, 437 So.2d 889 (La.App. 2d Cir. 1983). We also do not consider the trial judge's affidavit attesting that he granted verbal permission for the April 2 setting, because this affidavit was filed with Ashy's appellate brief and is not a part of the trial court record. Hiern v. Madona, 145 So.2d 126 (La.App. 4th Cir.1962); Holmes v. St. Charles General Hospital, 465 So.2d 117 (La.App. 4th Cir.1985).
Because the same judge who was asked for permission to take the deposition also rendered the judgment awarding Ashy expenses and attorney fees for Welborn's failure to appear, we assume that judge accepted Caswell's testimony that the court granted verbal permission and that White's office was notified of that fact. Nonetheless, under the circumstances of this record, we find such "notice" to Welborn to appear for the deposition was inadequate and that the court erred in imposing sanctions for Welborn's failure to appear.
CCP Art. 1433 governs the taking of depositions after trial:
If an appeal has been taken from a judgment of a district court or before the taking of an appeal if the time has not expired, the district court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the district court. In such case the party who desires to perpetuate the testimony may make a motion in the district court for leave to take the depositions, upon the same notice and service thereof as if the action was pending in the district court. The motion shall show:
(1) The names and addresses of persons to be examined and the substance of the testimony which he expects to elicit from each.
(2) The reasons for perpetuating their testimony.
If the court finds that the perpetuation of the testimony is proper to avoid a failure or delay of justice, it may make an order allowing the depositions to be taken and may make orders of the character provided for in Articles 1461 through 1465, and thereupon the depositions may be taken and used in the same manner and under the same conditions as are prescribed in this Chapter for depositions taken in actions pending in the court.
Ashy does not dispute that leave of court was required to take the deposition after trial, but contends there is no requirement that the court's order be in writing.
Black's Law Dictionary 988 (5th ed. 1979) defines "order" as
A mandate; precept; command or direction authoritatively given; rule or regulation. [Citation omitted.] Direction of a court or judge made or entered in writing, and not included in a judgment.

*123 An application for an order is a motion. (Emphasis added.)
CCP Art. 961 requires an application to the court for an order to be in writing unless made during trial or hearing or in open court. Although this article does not expressly require the same formalities for an order, the need to document the contents of an order is at least as compelling as the need is for a motion. This need is satisfied by reducing the order to writing and having it signed by a judge, or by recording the judge's rulings made in open court either or both in a transcript of the proceedings and in the court minutes. The observance of these formalities, together with proper communication of the order to the party or parties affected by it, is especially important when, as here, one party is seeking to recover travel expenses and attorney fees for another party's failure to comply with the "order." See CCP Arts. 1430, 1473, 1474.
The service of Ashy's motion notified Welborn that leave of court had been requested by Ashy for the deposition setting, but it did not notify him that leave of court had been granted. Additionally, and because it was apparent from Ashy's motion that Welborn opposed the setting and sought a protective order, the court should not have rendered its order without setting the matter for a contradictory hearing as required by CCP Art. 963:
If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.
If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.
The rule to show cause is a contradictory motion.
Although Welborn's motion for protective order opposing the deposition setting was not yet filed in the record, Ashy's motion refers to it in detail, both in the body of the motion and in its title, which is "MOTION FOR LEAVE TO TAKE DEPOSITION AND OPPOSITION TO MOTION FOR PROTECTIVE ORDER." On the face of the motion, Ashy was not clearly entitled to the relief sought, and a contradictory hearing was required by CCP Art. 963 before the rendition of an order.
Since Welborn was not given "proper notice" to appear for the deposition, penalties for his failure to appear should not have been awarded. CCP Art. 1473. See and compare Vaughn v. Commercial Union Insurance Co. of New York, 263 So.2d 50 (La.App. 4th Cir.1972), writ denied; Fowler v. Jordan, 397 So.2d 24 (La.App. 2d Cir.1981). Compare Bartley v. Insurance Co. of North America, 406 So.2d 712 (La. App. 2d Cir.1981).
We reverse the award to Ashy for $500 and costs.
Although we have held that Welborn is not required to pay Ashy's travel expenses and attorney fees, we find no error in the court's implicit denial of Welborn's request for attorney fees in his motion for protective order. The motion was not filed in the record until six weeks after the date of the deposition setting being opposed. It was heard at the same time as Ashy's rule for sanctions. Since Welborn did not file his motion or provoke a hearing on it until long after the date in controversy, we feel it would be unjust to award attorney fees for services rendered to Welborn in the district court and on appeal under the circumstances of this record. CCP Arts. 1426, 1469, 2164.

DECREE
The judgment appealed is reversed and Ashy's rule for expenses and attorney fees is dismissed with prejudice. Welborn's request for attorney fees and costs here and below is denied. Each litigant shall bear his or its own respective costs.
REVERSED AND RENDERED.