HALL, Chief Judge.
Plaintiff, James W. Curlee, re-injured his back while at work at the Fisher Guide Division of the General Motors Corporation (General Motors) in Monroe. Plaintiff filed suit for workers’ compensation benefits claiming that as a result of his injury he is totally and permanently disabled and further prayed for penalties and attorneys’ fees alleging that General Motors was arbitrary and capricious in refusing to pay benefits to him. General Motors denied that plaintiff’s injury was work-related and that plaintiff is permanently disabled. The trial court found that a work incident worsened plaintiff’s pre-existing condition and rendered judgment against General Motors, apparently in accordance with LSA-R.S. 23:1221(4)(p), awarding plaintiff 100 weeks of compensation benefits with credit for amounts paid to plaintiff under protest. The court denied plaintiff’s request for penalties and attorneys' fees. General Motors appealed claiming that plaintiff was temporarily totally disabled and only entitled to 87 weeks of compensation benefits. Finding General Motors contention to have merit, we amend the district court judgment to award plaintiff 87 weeks of compensation benefits with credit for amounts previously paid and, as amended, affirm.
In March of 1985 plaintiff sustained an injury to his back which required the surgical removal of a ruptured disc at L-5 by Dr. Russ Greer. On September 30, 1985, after convalescing, plaintiff returned to work where he re-injured his back while attempting to move a stack of mounting rings. Plaintiff continued to see Dr. Greer who eventually surgically removed a second ruptured disc at L-4 in January of 1986. Dr. Greer assigned a permanent partial disability rating to the body as a whole at 20% as a result of the first surgery and assigned a 35% permanent partial disability of the body as a whole after the second surgery, inclusive of the initial 20% disability-
Plaintiff applied for workers’ compensation benefits but his claim was denied since General Motors contended that plaintiff’s injury was not work-related. Plaintiff signed a reimbursement agreement with General Motors Disability Advance Fund whereby plaintiff was advanced funds for each week that he missed work. Plaintiff received funds exceeding the maximum compensation benefits payable for 87 weeks from September 30, 1985 until June 1, 1987, the date plaintiff returned to work.
I.
General Motors contends that plaintiff is not entitled to 100 weeks compensation benefits. It now concedes that plaintiff’s injury was work-related and that plaintiff was entitled to temporary total disability benefits for the 87 week interval between the date of the second accident and the date plaintiff returned to work.
Plaintiff also contends that the trial court erred in awarding 100 weeks compensation. He argues that he was entitled to *1051 either temporary total disability benefits in accordance with LSA-R.S. 23:1221(1) or supplemental earnings benefits as provided in LSA-R.S. 23:1221(3).
Plaintiff is not entitled to permanent partial disability benefits under LSA-R.S. 23:1221(4) because (1) the Act does not compensate for permanent partial disability of the back or body as a whole and (2) plaintiffs total disability rating is less than fifty percent.
The 1983 amendments to the workers’ compensation law changed the provisions covering permanent partial disability. Permanent partial disability is provided for in LSA-R.S. 23:1221(4). Permanent partial disability of the body as a whole (or back) is not specifically provided for in LSA-R.S. 23:1221(4) (a through o) or (r). Keith v. Louisiana State Office of Risk Management, 516 So.2d 440 (La.App. 1st Cir.1987). LSA-R.S. 23:1221(4)(p) and (q), as effective in 1985 when this accident occurred, provided:
(p) In cases not falling within any of the provisions already made, where the employee is seriously and permanently disfigured or where the usefulness of the physical function of the respiratory system, gastrointestinal system, or genitourinary system, as contained within the thoracic or abdominal cavities, is seriously and permanently impaired, compensation not to exceed sixty-six and two-thirds percent of wages for a period not to exceed one hundred weeks may be awarded. In cases where compensation is so awarded, when the disability is susceptible to percentage determination, compensation shall be established in the proportions set forth in Subparagraph (o) of this Paragraph. In cases where compensation is so awarded, when the disability is not susceptible to percentage determination, compensation as is reasonable shall be established in proportion to the compensation hereinabove specifically provided in the cases of specific disability.
(q) No benefits shall be awarded or payable in this Paragraph unless anatomical loss of use or amputation, as provided in Subparagraphs (a) through (o) of this Paragraph or loss of physical function as provided in Subparagraph (p) of this Paragraph is greater than fifty percent as established in the American Medical Association Guides to the Evaluation of Permanent Impairment, copyright 1977, by the American Medical Association.
Prior to the 1983 amendment, serious and permanent impairment of the usefulness of a physical function was compensa-ble under the Act. After the amendment only such impairment of the respiratory system, gastrointestinal system, or genitourinary system, as contained within the thoracic or abdominal cavities, is compensa-ble. The clear intention of this amendment was to exclude claims for impairment of the function of the back or neck. A. Johnson, Bound in Shallows and Miseries; The 1983 Amendments to the Workers’ Compensation Statute, 44 La.L.Rev. 669 (1984). Further, the evidence in this case indicates plaintiff's loss of physical function is less than fifty percent.
Accordingly, plaintiff is not entitled to permanent partial disability benefits and the trial court erred in awarding 100 weeks compensation.
While the court erred in awarding permanent partial disability benefits, the record supports the court’s finding that plaintiff’s injury was work-related and that plaintiff was entitled to temporary total disability benefits in accordance with LSA-R.S. 23:1221(1) during the 87 week period until he returned to work.
Plaintiff is not entitled, as he argues in brief, to supplemental earnings benefits under LSA-R.S. 23:1221(3). He returned to work at General Motors on June 1, 1987. The record does not establish that plaintiff is not able to earn ninety percent of his previous wages. Therefore, plaintiff is not entitled to any benefits beyond the 87 week period of disability.
II.
Plaintiff in brief requests this court to reverse the judgment below denying his *1052 demand for penalties and attorney’s fees. Plaintiff did not answer or appeal the judgment and his request cannot be considered. Welborn v. Ashy Enterprises, Inc., 504 So.2d 120 (La.App. 2d Cir.1987).
III.
For the foregoing reasons, the judgment of the trial court is amended to reduce the award from 100 weeks to 87 weeks of compensation benefits for temporary total disability, with credit given for amounts previously paid under protest. Costs of the appeal are assessed one-half to plaintiff-ap-pellee and one-half to defendant-appellant.
AFFIRMED AS AMENDED.