578 So.2d 213 (1991)
Mabel THIBODEAUX, Plaintiff-Appellee-Appellant,
v.
WOMAN'S HOSPITAL OF ACADIANA FOUNDATION, INC., Defendant-Appellant-Appellee.
No. 89-1159.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1991.
*214 Pucheu & Pucheu, Michael W. Robinson, Eunice, for plaintiff-appellee-appellant.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Mark L. Riley, Lafayette, for defendant-appellant-appellee.
Before GUIDRY, FORET and YELVERTON, JJ.
FORET, Judge.
Plaintiff, Mabel Thibodeaux (Thibodeaux), instituted this suit for workers' compensation, penalties, and attorney's fees against Woman's Hospital of Acadiana Foundation, Inc. (Woman's Hospital). The trial court ruled that Thibodeaux was totally and permanently disabled. The trial court further found that Woman's Hospital was arbitrary and capricious in reducing workers' compensation benefits and awarded $1,000 in attorney's fees. Woman's Hospital and Thibodeaux appeal. The latter seeks an increase of attorney's fees. We amend to increase the award of attorney's fees, and otherwise affirm.
Woman's Hospital assigns the following as manifest errors of the trial court:
(1) The trial court erred in finding that Thibodeaux was totally and permanently disabled; and
(2) The trial court erred in finding that Woman's Hospital was arbitrary and capricious in its reducing workers' compensation benefits to Thibodeaux.
Thibodeaux assigns the following as manifest error of the trial court:
(1) The trial court erred in awarding $1,000 in attorney's fees.

*215 FACTS
Thibodeaux was employed as a housekeeper at Woman's Hospital. Her duties included complete maintenance of the floors of the hospital. On January 23, 1987, she pulled back a bed so that she could sweep the floor beneath the place where it stood. During the pulling, she injured her back.
Thibodeaux is a 62-year-old with a fourth grade education. She can neither read nor write, and she has no math skills. Her only work experience is that of housekeeping at various hospitals. This work is physically demanding, and it was uncontroverted that she cannot return to this type of work. Thibodeaux's on-the-job accident resulted in a lingering disability in her back, as well as dysfunction of her lower extremities. She is unable to stand, sit, or walk for any extended period of time (ten minutes at the most). Her treating physician, Dr. Thomas Butaud, an orthopedist, prognosticated:
"... we came to a point that she had reached an orthopedic plateau as far as I was concerned.... I felt she did have a poor prognosis with the problems she had in her back. I thought she had twenty percent (20%) disability, and I felt that she'd have trouble returning back to the type of work she was doing because of her back problems."
Dr. Butaud recommended that a Function Capacity Assessment (FCA) be made to determine the extent of Thibodeaux's disability:
"The FCA was designed to facilitate safe return to work after illness or injury. The test uses client performance during generic work tasks with evaluation emphasis on musculoskeletal function. Maximal functional levels are determined as well as physical limiting factors for our difficult tasks. The items include weight capacities, position tolerances and activity tolerances. The test is performed over a two-day period and usually lasts a total of five to six hours."
Dr. Butaud read the FCA of Thibodeaux and agreed with its findings.
Those findings revealed restrictions to the employment of Thibodeaux. She was not to lift anything from below her waist; was not to squat; and was not to climb a ladder. For any period in excess of 20% of worktime, she was not to push and/or pull, bend at her waist, kneel, or climb stairs. She was to rest after sitting for thirty-five minutes and after standing for more than ten minutes.
Thibodeaux disclosed other physical limitations. At times, her right leg "gave out" on her. She awoke with a headache every morning. Thibodeaux had no hearing in her right ear and very little hearing in her left ear.
Gretchin Corbet, a rehabilitation counselor, was accepted by the court as an expert in the field of rehabilitation. She had originally opined that Thibodeaux could return to light-duty work and recommended work as a linerunner, a delivery driver, a dishwasher, and a cashier. However, assuming Thibodeaux to be truthful in her testimony, Corbet opined that plaintiff was physically unable to engage in those employments.
"Ms. Godwin, you were sitting in Court throughout the testimony of Mrs. Thibodeaux, is that correct?
A Yes, I was.
BY THE COURT: You heard her testimony?
A Yes, sir.
BY THE COURT: Assuming her testimony to be truthful, would your recommendations for these five (5) jobs still be the same?
A You mean assuming that she can or can't do what she stated she can do?
BY THE COURT: That's right, ma'am.
A No, it wouldn't be."
The trial court rendered judgment declaring that Thibodeaux was totally and permanently disabled, that is, physically unable to engage in any employment. We agree.
"The extent and duration of disability in this type of case is a factual matter to be determined by the trial judge and his *216 decision should not be reversed unless it is clearly wrong. The same applies to the issue of whether or not a plaintiff's pain is substantial enough to render him disabled."
Thomas v. Elder Pallet & Lumber Sales, Inc., 493 So.2d 1267, 1270 (La.App. 3 Cir. 1986), writ denied, 497 So.2d 312 (La.1986).

FINDING OF ARBITRARY AND CAPRICIOUS BEHAVIOR
Woman's Hospital argues that its reduction of workers' compensation benefits to Thibodeaux was reasonable. It contends that the reduction was based upon the results of the FCA and the opinion of Corbet.
The trial court, in its reasons for judgment, found that a reduction in workers' compensation benefits was unreasonable. It stated:
"This Court finds that defendant was arbitrary and capricious in failing to pay the benefits sought by plaintiff. Defendant attempts to justify their position by presenting the testimony of the rehabilitation counselor, who listed five (5) jobs she felt plaintiff could perform. However, this witness also stated that if the plaintiff's testimony was taken as truthful, her opinion would be different. It is the opinion of this Court that the plaintiff was truthfulin fact, she impressed this Court as a very creditable [sic] witness who would rather be working and enjoying the activities she previously enjoyed than enduring the disability she presently endures. For these reasons, this Court orders defendant to pay penalties and attorney's fees as provided for by LSA-R.S. 23:1201."
A finding that a workers' compensation insurer was arbitrary and capricious is a factual finding and should not be disturbed in the absence of manifest error. Underwood v. Southern Cas. Ins. Co., 525 So.2d 633 (La.App. 3 Cir.1988).
We find no manifest error, and accordingly, we affirm the trial court finding that Woman's Hospital was arbitrary and capricious in reducing workers' compensation benefits to Thibodeaux.

AMOUNT OF ATTORNEY'S FEES
Thibodeaux has appealed, seeking to increase the trial court's award of attorney's fees and for an additional award of attorney's fees for the time, effort, and expenses expended by her counsel in handling this appeal.
"The factors usually taken into account in determining attorney's fees in workmen's compensation cases are the degree of skill and ability exercised, the amount of the claim, the amount recovered, and the amount of time devoted to the case. Naquin v. Uniroyal, Inc., 405 So.2d 525 (La.1981). In determining the amount of penalties and attorney's fees to be awarded in workmen's compensation cases, great discretion is afforded the trial court. Carter v. Roy O. Martin Industries, Inc., 336 So.2d 1002 (La.App. 3 Cir.1976); Jackson v. Maloney Trucking & Storage, Inc., 424 So.2d 1037 (La. App. 4 Cir.1982)."
Thomas v. Gregory & Cook, Inc., 445 So.2d 1258, 1263 (La.App. 3 Cir.1984).
Plaintiff's counsel actively participated in this case. He filed a workers' compensation claim with the Office of Workers' Compensation. After obtaining the recommendations of that office, with which he disagreed, he then prepared and filed this lawsuit and interrogatories. For discovery purposes, he prepared for and attended the depositions of three medical witnesses, all of which were out of the municipality where his law office was located and all of which were held on different days. He also prepared for and attended Thibodeaux's deposition and prepared for and tried the case. He also wrote an appellate brief in which he thoroughly analyzed the facts and legal issues of these proceedings.
It is our opinion that the trial court erred in awarding plaintiff only $1,000 for attorney's fees. We will increase that award to $2,500. In addition, we will award plaintiff $1,500 for attorney's fees for this appeal; a total award of $4,000 for attorney's fees.
*217 All costs of this appeal are to be borne by Woman's Hospital.
AMENDED AND AFFIRMED.