628 So.2d 234 (1993)
Richard GUILLOTTE, Appellant,
v.
DYNAMIC OFFSHORE CONTRACTORS, Appellee.
No. 93-335.
Court of Appeal of Louisiana, Third Circuit.
December 8, 1993.
*235 Randall Scott Iles, Lafayette, for Richard Guillotte.
John Hatch Hughes, Lafayette, for Dynamic Offshore Contractors.
Before LABORDE, COOKS and DECUIR, Judges.
DECUIR, Judge.
This appeal arises from a worker's compensation claim filed by Richard Guillotte against his employer, Dynamic Offshore Contractors. At issue on appeal is whether the administrative law judge erred in finding that Dr. Clifton Shepherd was Guillotte's choice of physician and that Guillotte was not entitled to further benefits.

FACTS
On January 21, 1991, Guillotte was involved in an accident while driving a truck for Dynamic. Guillotte struck a deer with his truck as he was en route from the Mobil Dock in Cameron, Louisiana. The following morning he awakened with lower back pain and notified Dynamic of his condition.
Dynamic suggested that Guillotte go to the Walk-In Clinic in Lafayette, Louisiana. Guillotte declined, claiming he was unable to make the drive from his home in New Iberia. Dynamic then requested the name of the physician who had administered Guillotte's pre-employment physical. Subsequently, Dynamic scheduled an appointment for Guillotte with Dr. J.L. Comeaux, the physician he had indicated.
Dr. Comeaux treated Guillotte for a little over a month at which point he referred him to Dr. Shepherd, an orthopedist. Dr. Comeaux indicated in his deposition that he could find no physical problem with Guillotte, and that as of February 22, 1991 he was able to return to work. He also stated that the referral to Dr. Shepherd was in response to Guillotte's insistence that he was in pain.
Guillotte, subsequently, was examined by Dr. Shepherd. Dr. Shepherd ordered a myelogram, CT scan, bone scan, and MRI. For the most part, these tests indicated no abnormality, though there were some degenerative changes at L3-4. Dr. Shepherd also ordered a cortisone injection and prescribed some medication for Guillotte. Dr. Shepherd, thereafter, released Guillotte to return to work in April 1991. Subsequently, Guillotte complained that he was unhappy with Dr. Shepherd's treatment. He sought authorization to see an orthopedist of his choosing and *236 Dynamic's insurer declined to authorize a visit to another orthopedist.
Guillotte consulted Dr. Cobb, an orthopedist, at his own expense. Dr. Cobb gave Guillotte a physical examination and reviewed the tests and x-rays conducted by Drs. Comeaux and Shepherd. Based on this evaluation, Dr. Cobb diagnosed spondylosis at L3-4 and recommended a discogram. The test was not authorized by the insurer and therefore not conducted. Dr. Cobb concluded that Guillotte was unable to return to work.
Dynamic's insurer did authorize Guillotte's treatment by Dr. Bertuccini, a Lafayette neurosurgeon. Dr. Bertuccini diagnosed coccydynia and radiculopathy based on Guillotte's left leg symptoms. Dr. Bertuccini found that Guillotte was unfit to return to work and referred him back to Dr. Cobb.
Guillotte received compensation benefits until he was released for work by Dr. Shepherd on April 16, 1991. The medical bills for Drs. Comeaux, Shepherd and Bertuccini were also paid.
Guillotte filed a claim for medical payments associated with visits to Dr. Cobb as well as continued compensation benefits. After trial, the administrative law judge found that Guillotte had suffered a work related injury. In addition, the judge found that Guillotte had chosen Dr. Shepherd as a treating orthopedist and therefore was not entitled to medical payments for visits to Dr. Cobb. Finally, after weighing the evidence of all the physicians, the judge concluded that Guillotte was no longer disabled and was not entitled to continued benefits. Guillotte appealed.

DISCUSSION
By his first assignment, Guillotte alleges that the administrative law judge erred in finding that Dr. Clifton Shepherd was his choice of physician. L.S.A.-R.S. 23:1121(B) provides that the employee has the right to choose one physician in any field or specialty. Thereafter, the employee must obtain the employer's consent for a change of physician in the same field or specialty but not for a physician of another field or specialty.
Guillotte chose to consult Dr. Comeaux rather than the doctor at the Walk-In Clinic in Lafayette. Dr. Comeaux referred Guillotte to an orthopedist, Dr. Shepherd. Guillotte then submitted to treatment by Dr. Shepherd prior to requesting another physician. In fact, Guillotte did not request another physician until Dr. Shepherd had indicated that he could return to work.
The administrative law judge found that by failing to specify a choice of orthopedist and undergoing treatment by Dr. Shepherd, Guillotte had de facto chosen Dr. Shepherd as his physician.
After a careful review of the record, we conclude that the administrative law judge's finding is not manifestly erroneous.
Guillotte's second assignment of error alleges that the administrative law judge erred in finding that his temporary total disability status ended in April of 1991. In addition, claimant argues that the judge erred in failing to appoint a third orthopedic specialist to examine him in light of the conflicting medical testimony.
It is well established in Louisiana's jurisprudence that when medical testimony is in conflict, such as in the present case, and the issues are disability and ability to return to work, the testimony of treating physicians should be given greater weight. William v. Weston Preferred Casualty Insurance Company, 465 So.2d 191 (La.App. 3d Cir.1985); Sepulvado v. Williamette Industries, 459 So.2d 1342 (La.App. 3d Cir.1984).
In the present case, Dr. Comeaux and Dr. Shepherd actually treated Guillotte and both concluded that he was able to return to work. Dr. Cobb examined Guillotte and reviewed the tests of Dr. Comeaux and Dr. Shepherd, as such he was merely an evaluating physician. Dr. Bertuccini's conclusions, likewise, were based largely on Guillotte's subjective complaints of pain.
The plaintiff in a worker's compensation case bears the burden of proving his disability by clear and convincing evidence. LSA-R.S. 23:1221(1)(c); Tanner v. International Maintenance Corp., 602 So.2d 1133 (La.App. 1st Cir.1992). The administrative *237 law judge found, based on the evidence, that Guillotte had not carried his burden. The administrative law judge's findings of fact must be given great weight by an appellate court. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed unless manifestly erroneous or not supported by the evidence. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Our review of the record in this matter reveals that the administrative law judge's finding are not clearly wrong.
With regard to Guillotte's final argument that the administrative law judge was required to appoint an independent medical examiner, we disagree. Guillotte was not entitled to an independent medical examiner under L.S.A.-R.S. 23:1121-23:1123, because he failed to ask that one be appointed. Welborn v. Ashy Enterprises, Inc., 478 So.2d 626, (La.App. 2nd Cir.1985); writ denied 481 So.2d 1333 (La.1985).
For foregoing reasons the judgement of the administrative law judge is affirmed. All costs of this appeal are taxed against plaintiff-appellant, Richard Guillotte.
AFFIRMED.