| iTHIBODEAUX, Judge.
In this workers’ compensation case, Mart-co Partnership appeals a judgment of the Office of Workers’ Compensation which granted temporary total disability status to plaintiff, Jeffery Benoit, determined that Be-noit was not allowed his choice of a physician, and imposed attorney’s fees for Martco’s denial of Benoit’s choice of a physician.
^Benoit answers the appeal and seeks attorney’s fees for the work done on appeal.
I.

ISSUES

The issues are: (1) whether Martco improperly denied Benoit his choice of physicians; (2) whether Martco was arbitrary and capricious in disallowing the claimant his choice of physicians; (3) whether Benoit is temporarily and totally disabled; and, (4) whether further treatment by claimant’s physician was proper.
For the following reasons, we affirm the judgment of the Office of Workers’ Compensation and award $2,000.00 to Benoit as attorney’s fees for work performed at the appellate level.
II.

FACTS

On Saturday, November 9, 1991, Benoit injured his back when he bent over to pick *212 up some heavy chains while working for Martco. The sudden pain in his back sent him to his knees. Benoit continued to work for a couple of more hours after the accident and reported the incident to Everette Clan-ton. Benoit rejected Clanton’s offer to transport him to a doctor.
Benoit’s pain did not abate by Monday. Benoit asked his girlfriend, who also worked at Martco in the personnel department, to tell Warren Privette to have someone pick him up from home and bring him to the doctor. A Martco employee went to Benoit’s home, picked him up and brought him to Dr. Lionel Mayer’s office. Benoit did not request Dr. Mayer, but he knew he would be brought to Dr. Mayer who invariably treated Martco’s employees who suffered orthopedic problems.
hBenoit further testified that at the end of each visit with Dr. Mayer a follow-up appointment was scheduled. Benoit also testified that he spoke with Dr. Mayer about seeing another doctor. Dr. Mayer wanted to discharge Benoit to light duty work in December of 1991, but Benoit did not feel that he was capable at that time of even light duty work. Dr. Mayer did not discharge him until March 2, 1992.
Meanwhile, Benoit was paid workers’ compensation benefits from November 9, 1991 until March 20, 1992 at a rate of $137.70 per week. Martco also paid all of Benoit’s medical and mileage expenses. On March 2,1992, Benoit asked Privette about seeing another doctor to get a second opinion about his condition. Privette informed Benoit that he could see a physician of his choice but that Martco would not authorize and pay for any additional diagnostic testing. It is not disputed that Benoit treated with Dr. Mayer from November 9,1991 until his discharge in March of 1992.
On March 20, 1992, Benoit sought the assistance of an attorney because he received his last benefit check along with his termination papers. Benoit and his attorney discussed Benoit seeing either Dr. Louis Blanda or Dr. John McKay. Because Dr. Blanda had treated his father in the past with success, Benoit selected Dr. Blanda. On April 15, 1992, Benoit’s attorney wrote Martco and requested authorization to see Dr. Blanda, an orthopedist from Lafayette. By letter dated April 24, 1992, Martco advised Benoit that it would not agree to an evaluation by Dr. Blanda because there was a lawsuit pending between Martco and Dr. Blanda’s medical partner, Dr. John Cobb, unrelated to the present suit. As a result of Martco’s failure to authorize Benoit’s evaluation with Dr. Blanda, this lawsuit was filed.
A status conference was held in this matter and the hearing officer advised Martco that it could not deny Benoit a visit with Dr. Blanda simply because Uof Martco’s unrelated litigation with Dr. Cobb. By letter dated July 9, 1992, Martco offered Benoit only a records evaluation with Dr. Blanda. Benoit rejected that offer. The hearing officer determined that Benoit was entitled to see Dr. Blanda and, because Martco was arbitrary and capricious in failing to authorize that visit, assessed attorney’s fees. The issue of Benoit’s continued disability was taken under advisement by the hearing officer until Dr. Blanda’s evaluation was complete. Martco appealed the decision, which this court ultimately dismissed. After the dismissal of the appeal, Martco authorized a visit with Dr. Blanda.
Benoit’s first visit with Dr. Blanda took place on October 19, 1993, almost two years subsequent to the accident and eighteen months after Benoit first made written demand to see Dr. Blanda. After that initial visit, Dr. Blanda found that Benoit was disabled due to his back pain as evidenced by the muscle spasm he observed upon his physical examination. He also opined that Benoit could not engage in work requiring long periods of bending and standing, or heavy and repetitive lifting of fifty pounds or more during an eight-hour work day. Dr. Blanda ordered an EMG study and a repeat MRI.
Dr. Blanda’s examination revealed that Be-noit experienced muscle spasms in his lumbar spine and that his flexion and extension was restricted. Benoit also had a positive straight leg raising test on his right side. Furthermore, after Dr. Blanda’s review of the MRI films obtained by Dr. Mayer in January of 1992, Dr. Blanda opined that the *213 MRI showed degenerative changes at L4-5 and L5-S1 of Benoit’s back and a protrusion or herniation of the disc. Also, Benoit’s EMG studies showed significant nerve root irritability in the L4-5 musculature on Be-noit’s right side, which Dr. Blanda testified, coincided with Benoit’s clinical symptoms. Dr. Blanda found surprising that Benoit’s new MRI showed a right-sided disc herniation |sat L8-4, which was normal in January of 1992; however, the lower levels at L4-5 and L5-S1, which were abnormal in January, 1992, were now normal. Dr. Blanda recommended surgery and requested authorization from Marteo to perform the surgery. Mart-co denied authorization. Dr. Blanda explained that prior to performing the surgery, Benoit should undergo a myelogram and a CAT scan due to the contradictory findings in the two MRIs. Marteo denied request for authorization to perform those tests.
At the second trial, the hearing officer concluded that Benoit was temporarily totally disabled and awarded temporary total disability benefits from March 20, 1992 to the present. The hearing officer also found that Marteo was arbitrary and capricious for its refusal to authorize the myelogram and CAT scan as well as the additional treatment and ordered Marteo to pay $3,000.00 in attorney’s fees.
III.

LAW AND DISCUSSION

A. Choice Of Physician
Marteo alleges that the hearing officer was manifestly erroneous in finding that Benoit was denied his choice of a physician. The manifest error standard of appellate review applies in workers’ compensation actions, even though the evidence before the trier of fact consists solely of written reports, records, and depositions. Virgil v. American Guarantee and Liability Insurance Co., 507 So.2d 825 (La.1987). La.R.S. 23:1121(B) provides that an employee shall have the right to select a treating physician. After the initial choice, the employee must obtain prior consent from the employer or workers’ compensation carrier for a change of treating | ephysician within the same specialty. Prior consent is not necessary to change to a physician in a different field or specialty.
The hearing officer found that the fact that Dr. Mayer was the doctor used by Marteo for all employees with orthopedic injuries and the fact that Benoit’s visits with Dr. Mayer resulted from Marteo’s referral meant that Dr. Mayer was not the plaintiffs choice of an orthopedist. Benoit, a man with a ninth grade education, explained why he continued to treat with Dr. Mayer. Benoit testified that he saw Dr. Mayer from the date of the accident until March 2, 1992, because Dr. Mayer’s office automatically scheduled follow-up appointments after each visit. Benoit thought that it was his responsibility to keep all of his appointments with the doctor.
After a careful review of the record, we conclude that the hearing officer’s finding is not manifestly erroneous.
B. Attorney’s Fees
Marteo also alleges that the hearing officer in the first trial was manifestly erroneous in the assessment of attorney’s fees, in light of the facts surrounding the denial of the choice of a physician. We disagree.
March 2, 1992, was the first time Benoit chose his own physician. The physician he chose was Dr. Blanda. Martco’s denial of authorization which would have allowed Be-noit to see Dr. Blanda was based upon an unrelated lawsuit Marteo had pending against Dr. Blanda’s partner, Dr. Cobb. Even after the hearing officer ordered that Marteo authorize the examination by Dr. Blanda, Marteo denied authorization for any diagnostic tests. It was the actions of Mart-eo that caused Benoit to fail to receive treatment from Dr. Blanda until almost two years after his accident at Marteo. This assignment of error is without merit.
|7C. Claimant’s Disability
Marteo further contends that it was manifestly erroneous for the hearing officer in the second trial to find that the claimant was disabled. We disagree. When Dr. Mayer released Benoit to return to work, he did so with the limitation that Benoit lift nothing weighing over fifty pounds. Dr. Mayer administered conservative treatment of Benoit. *214 Benoit testified that he was still experiencing pain. On Benoit’s first visit with Dr. Blanda, the doctor found positive findings of muscle spasms in Benoit’s lumbar spine area. After conducting several diagnostic tests, Dr. Blan-da was of the opinion that Benoit was disabled and in need of surgery.
The plaintiff in a workers’ compensation case bears the burden of proving his or her disability by clear and convincing evidence. La.R.S. 23:1221(l)(c); Guillotte v. Dynamic Offshore Contractors, 628 So.2d 234 (La.App. 3 Cir.1993). The hearing officer found that Benoit carried his burden of proof. The hearing officer’s findings of fact must be given great weight by an appellate court. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed unless manifestly erroneous or not supported by the evidence in the record. Id. at 237. Our review of the record in this matter reveals that the hearing officer’s finding is not clearly wrong. This assignment of error is without merit.
D. Refusal To Authorize Diagnostic Tests And Further Treatment By Dr. Blanda
Marico finally contends that the hearing officer was manifestly erroneous in the second trial in finding that it was arbitrary and capricious in refusing to authorize a my-elogram and/or CAT scan and further treatment by Dr. Blanda in light of the time frame in which Dr. Blanda became involved in the suit. Marico claims that, by no fault of its own, Dr. Blanda became involved in the lawsuit at a late | gdate. We disagree. Be-noit requested authorization from Marico to see Dr. Blanda on March 2, 1992, the date Dr. Mayer discharged him to light duty work. Privette did not contact Benoit about his request until March 20, 1992, when Be-noit received his last check and termination papers. Upon making a second request to see Dr. Blanda, Marico refused to authorize Dr. Blanda’s examination and testing of Be-noit only because it was involved in an unrelated lawsuit against the doctor’s partner. Even after Marico was told to authorize the treatment with Dr. Blanda by the hearing officer, it authorized the examination to a limited degree. The ease went to trial and the hearing officer found in favor of Benoit. Marico appealed that decision to this court and we dismissed the appeal. Then, and only then, was Benoit able to see Dr. Blanda. Thus, due to the actions of Marico, Benoit was delayed in receiving an evaluation and treatment from Dr. Blanda. Marico cannot reasonably complain of Dr. Blanda’s late entry into this case when its own maneuverings caused the very circumstance it is complaining about.
E. Benoit’s Request For Attorney’s Fees
Benoit has answered Martco’s appeal requesting that additional attorney’s fees be awarded for his attorney’s work on this appeal. We find $2,000.00 to be reasonable in view of the efforts put forth by Benoit’s counsel in preparing this case at the appellate level. See Thibodeaux v. Woman’s Hospital of Acadiana Foundation, Inc., 578 So.2d 213 (La.App. 3 Cir.1991).
IV.

CONCLUSION

For the above reasons, the judgment of the hearing officer in favor of plaintiff-appel-lee, Jeffery P. Benoit, and against defendant-appellant, Marico Partnership, is affirmed. Additionally, we award the amount of $2,000.00 forJjjBenoit’s attorney’s fees on appeal. Costs of this appeal are assessed against Marico Partnership.
AFFIRMED.